IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NORTHSTAR SYSTEMS LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| MERCEDES-BENZ GROUP AG, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendant Mercedes-Benz Group AG ("Mercedes-Benz" or "Defendant") alleges as follows:

**THE PARTIES**

1. NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Mercedes-Benz is a German corporation with its principal place of business located at Mercedesstraße 120, 70327 Stuttgart, Germany. Upon information and belief, Mercedes-Benz does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On September 6, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,014,943 (the "'943 Patent") entitled "Method and System for Displaying Social Networking Navigation Information". A true and correct copy of the '943 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8014943.

8. On October 4, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,032,297 (the "'297 Patent") entitled "Method and System for Displaying Navigation Information on an Electronic Map". A true and correct copy of the '297 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8032297.

9. On August 12, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,805,416 (the "'416 Patent") entitled "Method and System for

Mobile Device Selectively Reporting of GPS Position Information to Others". A true and correct copy of the '416 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8805416.

10. NorthStar is the sole and exclusive owner of all right, title, and interest in the '943 Patent, the '297 Patent, and the '416 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. NorthStar also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

11. The '943 Patent and the '297 Patent generally relate to a mapping system of map objects which are outside the visible area of the map display system. The mapping system generally performs the functions of calculating the direction, distance, and travel-time to the map object, and creating an object vector indictor that is on a map-display application. The technology described in the '943 Patent and the '297 Patent was developed by inventor Gabriel Jakobson. For example, this technology is implemented in Mercedes' navigation and/or infotainment system, including, for example, the Mercedes-Benz User Experience ("MBUX") infotainment system included in personal vehicles, such as the A-Class line, the E-Class line, the S-Class line, the CLS line, the GLE Line, the GLC line, the GLS line, GLA line, the GLB line, and the EQS Sedan, among other vehicles.

12. The '416 Patent generally relates to privacy enhancement technology that describes systems and methods which describe a process in which an indication of signal interference is sent by a mobile communication device, information is received in response, and a map based on

navigation information is displayed.  The technology described in the '416 Patent was developed by inventor Scott Harris.  For example, this technology is implemented in Mercedes' navigation and/or infotainment system, including, for example, the MBUX infotainment system included in personal vehicles, such as the A-Class line, the E-Class line, the S-Class line, the CLS line, the GLE Line, the GLC line, the GLS line, GLA line, the GLB line, and the EQS Sedan, among other vehicles.

13. Mercedes-Benz is one of the largest and most well-known luxury car brands in the world.[1]  Across the various Mercedes-Benz car trims and classes, various functions of the cars, including the navigation system, are controlled by the MBUX infotainment system.

14. The MBUX infotainment system is Mercedes-Benz's user interface implemented in its vehicles.  By using the digital dash touchscreen display, buttons on the steering wheel, voice control, or a touchpad on the front center console, drivers in a Mercedes-Benz vehicle can control various aspects of their car.[2]

15. Mercedes-Benz integrates a car's navigation system through the MBUX infotainment system, which includes traditional turn-by-turn directions to a user selected destination, as was as pre-saved locations and certain "points of interest".[3]

16. The MBUX infotainment system can couple with a mobile phone with the social media applications installed (*e.g.*, the Waze, Android Auto and Google Maps) to display social network information and map objects on the Mercedes Navigation System.[4]

17. Mercedes-Benz has infringed and is continuing to infringe the Patents-in-Suit by

---

[1] https://luxe.digital/business/digital-luxury-ranking/best-luxury-car-brands/.
[2] https://www.mbeugene.com/blogs/4425/mbux-advanced-features-explained.
[3] The S-Class Sedan Owner's Manual is available at: https://www.mbusa.com/en/owners/manuals.
[4] https://www.mboflancaster.com/blog/2018/may/31/beat-the-traffic-with-the-waze-app-in-your-mercedesbenz-

making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing infringing products.

## COUNT I
### (Infringement of the '943 Patent)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '943 Patent.

20. Defendant has and continues to directly infringe the '943 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '943 Patent. Such products include, but are not limited to, Mercedes' navigation and infotainment system included in vehicles such as the A-Class line, the E-Class line, the S-Class line, the CLS line, the GLE Line, the GLC line, the GLS line, GLA line, the GLB line, and the EQS Sedan, among other vehicles.

21. For example, Defendant has and continues to infringe at least claim 1 of the '943 Patent by making, using, offering to sell, selling, and/or importing into the United States products such as the vehicle which are equipped with the Mercedes Benz navigation and infotainment system, including for example the Mercedes navigation and MBUX system. The Mercedes navigation and MBUX system performs a method of displaying, on an electronic map, object vector indictors referencing social-network map-objects. The Mercedes navigation and MBUX system performs the step of providing an electronic device with a map-display application that is

---

vehicle.htm#:~:text=With%20its%20many%20features%20to,controls%20on%20your%20Mercedes%2DBenz.

5

coupled to a mapping service, a social network (*e.g.*, Waze, Android Auto and Google Maps), and a display for displaying a selected area of the electronic map.



The Mercedes navigation and MBUX system performs the step of authenticating to the social network and obtaining from the social network the map-objects from the social network. The Mercedes navigation and MBUX system further performs the step of determining that coordinates of the map-objects are outside the selected electronic map area. The Mercedes navigation and

---

[5] The S-Class Sedan Owner's Manual is available at: https://www.mbusa.com/en/owners/manuals.

MBUX system further performs the step of computing the distance and travel information from a location within the selected area of the electronic map to the map-object.





The Mercedes navigation and MBUX system performs the step of computing a placement position of an object vector indicator referencing the map-object on the display application. The Mercedes navigation and MBUX system further performs the step of creating the object vector indicators

---

[6] *Id.*
[7] *Id.*

containing the distance and travel-related information and displaying the object vector indicators on the display. The Mercedes navigation and MBUX system performs the step of receiving a user input selecting the object vector indicators and displaying a secondary area of the electronic map,

wherein the secondary area is a region of the electronic map centered approximately around the map-object and displaying the map-object approximately at the center of the second area.



[8]

22.     Defendant has and continues to indirectly infringe one or more claims of the '943 Patent by knowingly and intentionally inducing others, including Mercedes customers and end-

---

[8] *Id.*

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

23. Defendant, with knowledge that these products, or the use thereof, infringe the '943 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '943 Patent by providing these products to end-users for use in an infringing manner.

24. Defendant has and continues to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '943 Patent, but while remaining willfully blind to the infringement.

25. NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '943 Patent in an amount to be proved at trial.

26. NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '943 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '297 Patent)

27. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

28. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '297 Patent.

29. Defendant has and continues to directly infringe the '297 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each

and every limitation of one or more claims of the '297 Patent. Such products include, but are not limited to, Mercedes' navigation and infotainment system included in vehicles such as the A-Class line, the E-Class line, the S-Class line, the CLS line, the GLE Line, the GLC line, the GLS line, GLA line, the GLB line, and the EQS Sedan, among other vehicles.

30. Defendant has and continues to infringe at least claim 1 of the '297 Patent by making, using, offering to sell, selling, and/or importing into the United States products such as the vehicle which are equipped with the Mercedes Benz navigation and infotainment system, including for example the Mercedes navigation and MBUX system. The Mercedes navigation and MBUX system performs a method that displays, on an electronic map, object vector indictors referencing map-objects. The Mercedes navigation and MBUX system performs the step of

providing an electronic device having a map-display application that is coupled to a mapping service and a display for displaying a selected area of an electronic map.



The Mercedes navigation and MBUX system performs the step of determining that coordinates of the map object are not in the selected area of the electronic map, (*e.g.*, when a user inputs a point of interest destination). The Mercedes navigation and MBUX system performs the step of

---

[9] The S-Class Sedan Owner's Manual is available at: https://www.mbusa.com/en/owners/manuals.

computing distance and travel-related information from a location within the selected area of the electronic map (e.g., the user's current location), to the map-object.



[10]



[11]

The Mercedes navigation and MBUX system performs the step of computing a placement position of an object vector indicator referencing the map-object on the map-display application. The MBUX infotainment system performs the step of creating the object vector indicator containing

---

[10] *Id.*

[11] *Id.*

the distance and travel-related information (e.g., arrival time). The Mercedes navigation and MBUX system further performs the step of displaying the object vector indicator on the display at the computed placement position. The Mercedes navigation and MBUX system performs the step of receiving user input selecting the object vector indicator and performs the step of displaying a second area of the electronic map, wherein the secondary area is a region of the electronic map

centered approximately around the map-object. The Mercedes navigation and MBUX system performs the step of displaying the map-object approximately at the center of the secondary area.

**Calculating a route and using settings for route guidance**

Example: detailed display
1. Calls up alternative routes
2. Calculates the route and starts route guidance
3. Selects a point of interest in the vicinity of the destination

[12]

31.   Defendant has and continues to indirectly infringe one or more claims of the '297 Patent by knowingly and intentionally inducing others, including Mercedes customers and end-

---

[12] *Id.*

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

32. Defendant, with knowledge that these products, or the use thereof, infringe the '297 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '297 Patent by providing these products to end-users for use in an infringing manner.

33. Defendant has and continues to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '297 Patent, but while remaining willfully blind to the infringement.

34. NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '297 Patent in an amount to be proved at trial.

35. NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '297 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '416 Patent)**

36. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

37. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '416 Patent.

38. Defendant has and continues to directly infringe the '416 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each

and every limitation of one or more claims of the '416 Patent. Such products include, but are not limited to, Mercedes' navigation and infotainment system included in vehicles such as the A-Class line, the E-Class line, the S-Class line, the CLS line, the GLE Line, the GLC line, the GLS line, GLA line, the GLB line, and the EQS Sedan, among other vehicles.

39. Defendant has and continues to directly infringe at least claim 1 of the '416 Patent by making, using, offering to sell, selling, and/or importing into the United States products such as the vehicle which are equipped with the Mercedes Benz navigation and infotainment system, including for example the Mercedes navigation and MBUX system. The Mercedes navigation and MBUX system performs the step of receiving, by a mobile communication device, information about a current location of the mobile communication device, wherein the information about the current location includes global positioning system (GPS) information. The Mercedes navigation and MBUX system perform the step of detecting signal interference by the mobile communication device. Upon information and belief, the Mercedes navigation and MBUX system performs the step of generating an indication of the signal interference. Upon information and belief, the Mercedes navigation and MBUX system performs the step of communicating, by the mobile communication device, with a remote source over a wireless network, wherein said communicating comprises sending both the indication of the signal interference and the GPS information from the mobile communication device to the remote source. Upon information and belief, the Mercedes navigation and MBUX system further performs the step of receiving, by the mobile communication device, navigation information from the remote source in response to sending both the indication of the signal interference and the GPS information, wherein the navigation information comprises data for plotting a course on a map including the current location

of the mobile communication device. The Mercedes navigation and MBUX system further performs the step of displaying the map based on the navigation information.

40. Defendant has and continues to indirectly infringe one or more claims of the '416 Patent by knowingly and intentionally inducing others, including Mercedes customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

41. Defendant, with knowledge that these products, or the use thereof, infringe the '416 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '416 Patent by providing these products to end-users for use in an infringing manner.

42. Defendant has and continues to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '416 Patent, but while remaining willfully blind to the infringement.

43. NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '416 Patent in an amount to be proved at trial.

44. NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '416 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendant as follows:

    a.    Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

    b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

    c.    An order awarding damages sufficient to compensate NorthStar for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

    d.    Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and

    e.    Such other and further relief as the Court deems just and proper.

Dated: August 19, 2022

Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III

NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ, 07079
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
NORTHSTAR SYSTEMS LLC**